

**Service of Process Transmittal**
06/11/2013
CT Log Number 522895210

TO: Hattie Booth
Allstate Insurance Company
2775 Sanders Road, Corp Litigation --A2East
Northbrook, IL 60062-6127

RE: **Process Served in Tennessee**

FOR: Allstate Property and Casualty Insurance Company (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Buffy Hall, Pltf. vs. Allstate Insurance Company and Allstate Property and Casualty Insurance Company, Dfts. |
| DOCUMENT(S) SERVED: | Letter, Summons, Service Information, Complaint |
| COURT/AGENCY: | Roane County Circuit Court, TN<br>Case # 13CV94 |
| NATURE OF ACTION: | Insurance Litigation - Defendant failed to pay plaintiff's claim for property loss due to damage by fire and theft causing injury to plaintiff's property |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Knoxville, TN |
| DATE AND HOUR OF SERVICE: | By Certified Mail on 06/11/2013 postmarked on 06/10/2013 |
| JURISDICTION SERVED: | Tennessee |
| APPEARANCE OR ANSWER DUE: | Within 30 days of service of the same upon you |
| ATTORNEY(S) / SENDER(S): | Gena Lewis<br>PO Box 6004<br>Maryville, TN 37802<br>865-300-1495 |
| REMARKS: | Tennessee Department of Insurance accepted service of documents on June 4, 2013 |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 06/11/2013, Expected Purge Date: 06/16/2013<br>Image SOP<br>Email Notification, Patti Cummings pgarq@allstate.com<br>Email Notification, Bill Boodro wboodro@allstate.com |
| SIGNED:<br>PER:<br>ADDRESS:<br><br><br>TELEPHONE: | C T Corporation System<br>Amy McLaren<br>800 S. Gay Street<br>Suite 2021<br>Knoxville, TN 37929-9710<br>800-592-9023 |

Page 1 of 1 / AM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**Jerald.E.Gilbert@tn.gov**

June 4, 2013

Allstate Property & Casualty Ins Co
800 S. Gay Street, Ste 2021, % C T Corp.
Knoxville, TN 37929-9710
NAIC # 17230

Certified Mail
Return Receipt Requested
7012 1010 0002 9225 4318
Cashier # 9367

Re: Buffy Hall V. Allstate Property & Casualty Ins Co

Docket # 13-CV-94

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of Commerce and Insurance was served June 4, 2013, on your behalf in connection with the above-styled proceeding. Documentation relating to the subject is herein enclosed.

Jerald E. Gilbert
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Roane County
    200 East Race Street #11
    Kingston, Tn 37763

STATE OF TENNESSEE

CIRCUIT COURT FOR

ROANE COUNTY

SUMMONS

## IN THE CIRCUIT COURT FOR ROANE COUNTY, TENNESSEE

| | |
|---|---|
| BUFFY HALL, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ALLSTATE INSURANCE COMPANY )<br>and ALLSTATE PROPERTY AND )<br>CASUALTY INSURANCE COMPANY )<br>)<br>Defendants ) | Case No. 13-CV-94<br><br>JURY TRIAL REQUESTED |

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required appear and to file with the Clerk for the Roane County Circuit Court and serve upon Plaintiff through her counsel of record, **Gena Lewis, P.O. Box 6004, Maryville, TN 37802** an Answer to the Complaint filed by Plaintiff in the above captioned case within 30 days of service of the same upon you. If you fail to appear and file an Answer within thirty days of service of this Complaint, judgment by default can be taken against you.

Issued and tested this ___30___ day of __May__, 2013.

_____
Clerk

_____
Deputy Clerk

NOTICE

To the defendant(s):

Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## SERVICE INFORMATION

To the process server: The Defendants, Allstate Insurance Company and Allstate Property and Casualty Insurance Company may be served through the Commissioner of the Tennessee Department of Commerce and Insurance at: **Commissioner Julie Mix McPeak, Department of Commerce & Insurance, 500 James Robertson Parkway, Davy Crockett Tower, Nashville, Tennessee 37243-0565**

## RETURN

I received this summons on the _____ day of _____, 20\_\_.

_____
Defendant

I hereby certify and return that on the _____ day of _____, 20\_\_ , I:

[ ] served this Complaint upon Defendant in the following manner: _____

_____

[ ] failed to serve this summons within 30 days after its issuance because: _____

_____

_____
Process Server

IN THE CIRCUIT COURT FOR ROANE COUNTY, TENNESSEE

BUFFY HALL,  )
        Plaintiff,  )  Case No. 13-CV-94
    )
vs.  )
    )  JURY TRIAL REQUESTED
ALLSTATE INSURANCE COMPANY  )
and ALLSTATE PROPERTY AND  )
CASUALTY INSURANCE COMPANY  )
    )
        Defendants  )


Filed May 30, 2013
KIM R. NELSON Time 3:30
By [signature] D.C.

## COMPLAINT

Plaintiff, Buffy Hall, by and through her counsel files the following complaint:

### I. NATURE OF ACTION

1. Plaintiff avers that Defendants in bad faith failed to pay Plaintiff's claim for property loss due to damage by fire and theft causing injury to Plaintiffs' property, severe emotional distress to Plaintiff and causing Plaintiff to suffer the damages enumerated in this complaint.

2. Plaintiff therefore brings the following causes of action:

   (a) Breach of Contract

   (b) Bad Faith under T.C.A. § 56-7-105

   (c) Fraudulent Concealment

   (d) Constructive Fraud and/or Fraud

   (e) Negligent Misrepresentation

   (f) Negligence and Negligence Per Se and Breach of Fiduciary Duty

3. Plaintiff seeks appropriate relief to compensate Plaintiff for the above listed causes of action, including but not limited to declaratory and injunctive relief, general damages, contract damages, actual damages already incurred, as well as punitive damages and any other damages or relief that the court may deem necessary or appropriate, including but not limited to costs, expenses and attorney's fees and the penalty authorized under TCA § 56-7-105.

4. Plaintiff seeks a trial by jury on all issues properly triable before a jury.

## II. THE PARTIES

5. Plaintiff, Buffy Hall, avers that she is a competent adult citizen and resident of Roane County, Tennessee residing at 1503 Kingston Hwy, Kingston, TN 37763.

6. Upon information and belief, Defendant Allstate Insurance Company (Company No. 604778, NAIC No. 19232) is an Illinois corporation and maintains its principal office at 2775 Sanders Rd, Northbrook, IL 60062-6127 and may be served through the Commissioner of the Tennessee Department of Commerce and Insurance at: Commissioner Julie Mix McPeak, Department of Commerce & Insurance, 500 James Robertson Parkway, Davy Crockett Tower, Nashville, Tennessee 37243-0565;

7. Upon information and belief, Defendant Allstate Property and Casualty Insurance Company (Company No. 604741, NAIC No. 17230) is an Illinois corporation, is a subsidiary of Defendant Allstate Insurance Company and maintains its principal office at 2775 Sanders Rd, Northbrook, IL 60062-6127 and may be served through the Commissioner of the Tennessee Department of Commerce and Insurance at: Commissioner Julie Mix McPeak, Department of Commerce & Insurance, 500 James Robertson Parkway, Davy Crockett Tower, Nashville, Tennessee 37243-0565;

8. Plaintiff reserves the right to amend this complaint to include any other subsidiary or parent of Allstate Insurance Company should facts develop to suggest that liability against these entities is appropriate and Defendant Allstate Insurance Company is hereby placed on notice of the same;

### III. FACTUAL ALLEGATIONS

9. Plaintiff owned real property located at 228 Hassler Mill Rd., Harriman, TN 37748 (hereinafter "Plaintiff's property");

10. At all times relevant to this complaint, this property was insured by Defendants under policy number 000955568372 (hereinafter "insurance policy");

11. On or about June 2, 2010, Plaintiff's property was burglarized and burned in a fire;

12. On or about June 9, 2010, Plaintiff filed a claim with Defendants under her insurance policy for this loss by fire and burglary and defendants designated this claim as claim number 0169365376 SAH (hereinafter "claim");

13. Upon information and belief, upon receiving Plaintiff's claim, Defendants opened an investigation into the claim, in which Plaintiff fully cooperated;

14. Upon information and belief, Defendants failed to follow their own procedures and/or proper and/or reasonable procedures for the investigation of this type of claim;

15. Upon information and belief, the fire caused Plaintiff's property to become non compliant with city and county ordinances and the length of the investigation and subsequent denial of the claim caused or contributed further damage or loss to the property;

16. Upon information and belief, the delay caused by the investigation and the subsequent denial of the claim inflicted additional expense, loss, or injury including attorney fees upon Plaintiff;

17. Plaintiff was not at home at the time of the fire, did not start the fire or have any involvement in the fire and certainly did not wish for her home to burn down;

18. Plaintiff did not make any material misrepresentations to Defendants during the course of their investigation;

19. On or about September 22, 2010, Defendants denied Plaintiff's claim, alleging that the fire was started or procured by Plaintiff and that Plaintiff had made material misrepresentations to Defendants;

20. Defendants never gave Plaintiff a copy of her insurance policy, although Plaintiff timely paid her premiums and coverage was in effect at the time of loss. Plaintiff repeatedly requested and tried to obtain a copy of her insurance policy from Defendants both personally and later through counsel. Defendants failed and refused to give Plaintiff a copy of her policy and Plaintiff still does not have a copy of her policy;

21. Upon information and belief, Defendants failed and refused to give Plaintiff a copy of her policy in order to conceal material information therein and/ or to hinder and prevent Plaintiff from exercising, discovering and/or pursuing her rights and claims under the policy and at law and equity;

22. Upon information and belief, Defendants' denial of Plaintiff's claim was not in good faith;

23. Upon information and belief, on or about May, 2011, Defendants sought, pursued and/ or sought to influence the initiation of criminal charges against Plaintiff for arson in

an effort to hinder, intimidate and/or dissuade Plaintiff from exercising, discovering and/or pursuing her rights and claims under the policy and at law and equity;

24. Upon information and belief, the criminal case against Plaintiff is still ongoing and has been continued numerous times due to the failure of the State's alleged witnesses to appear in court and\or of the State to procure its evidence and witnesses for trial;

25. As a result of the burglary and the fire, Plaintiff sustained loss and damage to her real and personal property. The damage to Plaintiff's real property was exacerbated by Defendants' failure to pay the claim, as Plaintiff was unable to repair the damage or to prevent further damage to the property.

26. As a result of Defendants' failure to pay claim, Plaintiff has incurred expenses to comply with county ordinances due to the fire and attorney fees and expenses, including of this litigation;

## IV. JURISDICTION AND VENUE

27. The Circuit Court has jurisdiction to hear all claims raised in this complaint and to award all relief requested.

28. Pursuant to T.C.A. § 20-4-101(a) venue is proper in Roane County, Tennessee because the events giving rise to this cause of action occurred there.

## V. BREACH OF CONTRACT

29. Plaintiff repeats and realleges the allegations contained in the above paragraphs, as fully set forth herein.

30. Defendants breached the insurance contract by actions including but not limited to failing to pay the claim as required under the contract, failing to reasonably and

competently investigate the claim and failing and refusing to give Plaintiff a copy of her insurance policy;

## VI. BAD FAITH UNDER T.C.A. § 56-7-105

31. Plaintiff repeats and realleges the allegations contained in the above paragraphs, as fully set forth herein;

32. Defendants are liable to Plaintiff under T.C.A. § 56-7-105, because they refused to pay Plaintiff's claim of loss within 60 days of Plaintiff having filed the claim and because the Defendants' failure to pay was not in good faith and Defendants' failure to pay inflicted additional expense, loss, or injury including attorney fees upon Plaintiff;

## VII. FRAUDULENT CONCEALMENT

33. Plaintiff repeats and realleges the allegations contained in the above paragraphs, as fully set forth herein;

34. Defendants are liable for fraudulent concealment for reasons including but not limited to because they had a duty to disclose the information in the insurance policy to Plaintiff, failed to do so and Plaintiff reasonably relied on the resulting misrepresentation(s), resulting in injury to Plaintiff;

## VIII. CONSTRUCTIVE FRAUD AND ACTUAL FRAUD

35. Plaintiff repeats and realleges the allegations contained in the above paragraphs, as fully set forth herein;

36. Defendants are liable for constructive fraud because their conduct, including but not limited to failing to pay the claim, failing to provide Plaintiff with a copy of her insurance policy, failing to conduct a proper and/ or reasonable investigation, and/ or

seeking to prevent, intimidate and/or dissuade Plaintiff from discovering and/or exercising her rights under the policy and/or at law or equity, constitutes a breach of a legal or equitable duty which is deemed fraudulent because of its tendency to deceive others, to violate public or private confidence, or to injure public interests.

37. Defendants are liable for actual fraud, if they committed the acts or omissions alleged in Paragraph 36 with actual dishonesty of purpose or intent to deceive;

### IX. NEGLIGENT MISREPRESENTATION

38. Plaintiff repeats and realleges the allegations contained in the above paragraphs, as fully set forth herein;

39. Defendants are liable for negligent misrepresentation because they supplied material information to the plaintiff or engaged in omissions of material information known to them, which was either false or which deceived Plaintiff through omission and the defendants did not exercise reasonable care in obtaining or communicating or failing to disclose the information and plaintiff justifiably relied on the information or omissions.

### X. NEGLIGENCE AND NEGLIGENCE PER SE AND BREACH OF FIDUCIARY DUTY

40. Plaintiff repeats and realleges the allegations contained in the above paragraphs, as fully set forth herein.

41. Defendants are negligent in the following particulars among others:

    A. Defendants failed to properly and/or reasonably investigate Plaintiff's claim;

    B. Defendants failed to disclose material information to Plaintiff, including but not limited to the information in her policy;

C. Upon information and belief, Defendants failed to follow their own procedures and/or accepted insurance industry practices in investigating and/or deciding whether to pay Plaintiff's claim;

D. Defendants failed to pay Plaintiff's claim in a timely and reasonable manner;

42. Defendants are negligent per se in violating the following statutes:

T.C.A. § 56-7-105 (Bad Faith Penalty Statute)

T.C.A. §§ 56–8–101 *et seq* (Insurance Trade Practices Act)

T.C.A. § § 47–18–104(a) (Tennessee Consumer Protection Act)

43. As a direct and proximate result of Defendants' negligence, Plaintiff has suffered damages including damage to her property and diminution of property value, loss of use and enjoyment of her property and severe emotional distress;

44. As fiduciaries of Plaintiff, Defendants breached their fiduciary duties to Plaintiff for reasons, including but not limited to those enumerated in Paragraphs 30, 32, 34, 36, 37, 39 and/or 41-43 of this Complaint, directly and proximately causing Plaintiff to suffer damages including but not limited to damage to her property and diminution of property value, loss of use and enjoyment of her property and severe emotional distress;

### XI. PUNITIVE DAMAGES

45. Plaintiff repeats and realleges the allegations contained in the above paragraphs, as fully set forth herein.

46. Punitive damages are appropriate in this case against Defendants, because Defendants' conduct is willful, intentional, malicious and/or reckless.

## XII. PRAYER FOR RELIEF

**Wherefore**, Plaintiff prays:

A. That this Complaint be received and filed, and that proper process issue and be served upon the Defendants, Allstate Insurance Company and Allstate Property and Casualty Insurance Company, to appear and answer this Complaint in the time and manner prescribed by Tennessee law;

B. That the Court declare Defendants' actions to have breached the insurance contract, to have not been in good faith, to have been negligent or negligent per se and to have been the result of fraudulent concealment, constructive fraud and/ or negligent misrepresentation;

C. That Plaintiff be awarded a judgment of and from the Defendants in actual, contract and/or compensatory damages and that the Court award to Plaintiff any and all other appropriate damages or relief that the Court believes necessary to compensate Plaintiff, including but not limited to penalties and reasonable costs and attorney fees authorized under TCA § 56-7-105;

D. That the court award Plaintiff punitive damages in an amount believed by the Court to be appropriate to punish Defendants for their willful, intentional, reckless and/or malicious misconduct and necessary to deter Defendants from engaging in such misconduct in the future.

E. That the Court empanel a jury and submit to the jury any and all questions and issues properly triable by jury.

F. That the Court award Plaintiff the costs and expenses of this action

G. That the court award to Plaintiff reasonable attorney's fees.

H. That the Court award Plaintiff pre-and post judgment interest; and

I. That the Court order such other, further and general relief as the Court may deem necessary, just and proper.

Respectfully submitted this 30th day of May 2013.

*(signature)*

Gena Lewis, Attorney for Plaintiff
P.O. Box 6004
Maryville, TN 37802
Cell Phone: (865) 300-1495
Office Phone: (865) 978-6604
Fax: (865) 978-6605
BPR # 025020

## COST BOND

We certify ourselves as Principal and Surety for the costs of this action pursuant to TCA §20-12-120 for the Court costs in this matter and all such costs but no further.

*(signature)*
Buffy Hall, Principal

*(signature)*
Gena Lewis, Surety

ept. of Commerce & Insurance
00 James Robertson Pkwy.-7th Floor
ashville TN 37243






7012 1010 0002 9225 4318    06/04/2013
ALLSTATE PROPERTY & CASUALTY INS CO
800 S. GAY STREET, STE 2021, % C T CORP.
KNOXVILLE, TN 37929-9710