UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| BUFFY HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:13-CV-397- CCS |
| | ) | |
| ALLSTATE INSURANCE CO., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the consent of the parties [Doc. 65].

Now before the Court is Defendant Allstate Insurance Company and Allstate Property and Casualty Insurance Company's Second Motion for Summary Judgment [Doc. 70]. The Plaintiff has responded in opposition, and the parties appeared before the undersigned on November 9, 2015, to present oral arguments. The Court finds that this motion is now ripe for disposition, and for the reasons more fully stated below, it will be **GRANTED**.

**I.   FACTS**

This is an insurance coverage case. Plaintiff owned the property at 228 Hassler Mill Road, Harriman, Tennessee, ("the Property"), which was covered by a policy issued by Defendant Allstate Insurance Company and Allstate Property and Casualty Insurance Company (collectively "Allstate").

Allstate maintains that on December 4, 2007, its agent inputted Plaintiff's application for insurance on the Property, with an effective date of January 3, 2008, and that this policy was sent to the post office to be mailed to the Plaintiff as part of a "new business package" on January 10, 2008. [Doc. 72-1 at ¶ 3]. Allstate contends that if this mailing was returned to it as undeliverable, Allstate's computer systems would have documented the return using a unique barcoding system and sent a note to its agent directing her to locate Plaintiff. [Id.]. Allstate represents there was no mail returned for Plaintiff's policy, from the time of its inception to its termination on November 4, 2010. [Id.]. In support of these allegations, Allstate presents the Affidavit of Kathy Collard [Doc. 72-2]. Plaintiff disputes these allegations. [Doc. 78 at ¶ 3].

The Property was damaged by fire on or about June 2, 2010. Plaintiff called Allstate and reported a home break-in and fire on June 3, 2010. [Doc. 77-10 at 38-39]. Plaintiff submitted a claim to Allstate, which Allstate investigated and then denied the claim on September 22, 2010. The state fire investigator also investigated the claim. Plaintiff filed suit against Allstate in Circuit Court for Roane County on May 30, 2013. The case was then removed to this Court. [Doc. 1-1].

Plaintiff claims she did not receive a copy of her policy. Plaintiff testified in her deposition that she first requested a copy of her policy from her insurance agent, Janet Sill, in September 2010 following the fire. [Doc. 78-1 at 10-11]. Plaintiff testified that Ms. Sill gave her a copy of her declarations page, rather than the actual policy. [Id. at 11]. Plaintiff testified that she went back to Ms. Sill's office in February 2011, again asked Ms. Sill for a copy of her policy, and again Ms. Sill gave her a copy of the declarations page. [Id. at 12]. Plaintiff testified that she just left the office after Ms. Sill gave her the declarations page. [Id.]. She contends that

her counsel also asked Allstate's counsel for a copy of the policy in the Summer of 2013. [Doc. 77 at 11]. Plaintiff alleges that she did not receive a copy of the policy until 2015. [Id.].

Plaintiff disputes Allstate's contention that she received a copy of the initially-issued policy via mail. She does not, however, dispute that the applicable policy, "The Allstate Property and Casualty Insurance Company Homeowner Policy" [Doc. 72-1], under which she is suing for coverage benefits, contains a limitations period. [See Doc. 72 at ¶ 2; Doc. 78 at ¶ 2]. It states:

> 12. **Action Against Us**
>
> No one may bring an action against us in any way related to the existence or amount of coverage, or the amount of loss for which coverage is sought, under a coverage to which **Section I Conditions** applies, unless:
>
> a) there has been full compliance with all policy terms; and
>
> b) the action is commenced within one year after the inception of loss or damage.

[Id. at 20].

Plaintiff's Complaint lists the following causes of action:

(a) Breach of Contract

(b) Bad Faith under T.C.A. § 56-7-105

(c) Fraudulent Concealment

(d) Constructive Fraud and/or Fraud

(e) Negligent Misrepresentation

(f) Negligence and Negligence Per Se and Breach of Fiduciary Duty

[Doc. 1-1 at 5].

3

## II. POSITIONS OF THE PARTIES

Allstate argues that it is entitled to summary judgment in its favor, as a matter of law because: (1) Plaintiff filed suit more than one year after Allstate denied her claim, and therefore, her claim is barred by the one-year limitation period contained in the Policy; (2) Plaintiff's Consumer Protection Act claim against Allstate is barred by Tenn. Code Ann. § 56-8-113; and (3) her claim for punitive damages is barred by Tenn. Code Ann. § 56-7-105. [Doc. 70].

Plaintiff responds that Allstate should not be permitted to benefit from the contractual limitations period because it failed to provide Plaintiff with a copy of her policy. Plaintiff maintains that, even if the case law holds that Allstate was not obligated to take further steps to provide her a copy of the policy, the Court should disregard the policy because Allstate breached ethical duties in its investigation. Plaintiff argues that the investigation was unethical because "both [Allstate's] investigator and the fire marshal[] arrived at the same absurd and objectively unreasonable conclusion: that the fire was arson, because of the presence of straw in the bathroom, when the fire had 'pretty well gutted' the bathroom." [Doc. 77 at 18]. Plaintiff argues that Allstate and the state investigators conspired to ignore the evidence that favored Plaintiff's version of the incident. [Id. at 21]. Plaintiff argues that a jury could conclude that Allstate's failure to provide a copy of the Policy was bad faith. [Id. at 22]. Plaintiff posits that the same theories and evidence support her remaining claims. [Id. at 22-23].

## III. STANDARD OF REVIEW

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing that no genuine issues of material fact exist. Celotex Corp. v. Catrett, 477

4

U.S. 317, 330 n. 2 (1986); Moore v. Philip Morris Cos., Inc., 8 F.3d 335, 339 (6th Cir. 1993). All facts and all inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Burchett v. Kiefer, 301 F.3d 937, 942 (6th Cir. 2002).

"Once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations." Curtis v. Universal Match Corp., 778 F. Supp. 1421, 1423 (E.D. Tenn.1991) (citing Celotex, 477 U.S. at 317). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. Id.

The Court's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper question for the finder of fact. Anderson, 477 U.S. at 250. The Court does not weigh the evidence or determine the truth of the matter. Id. at 249. Nor does the Court search the record "to establish that it is bereft of a genuine issue of material fact." Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479-80 (6th Cir. 1989). Thus, "the inquiry performed is the threshold inquiry of determining whether there is a need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson, 477 U.S. at 250.

## IV. ANALYSIS

The Court will address each of the Plaintiff's claims in turn.

*A. Breach of Contract*

Under Tennessee law, actions on contracts shall be commenced within six years after the cause of action accrues. Tenn. Code Ann. § 28-3-109(a)(3). The cause of action accrues at the time the insurance company denies liability for the insured's claim. Jones v. Allstate Ins. Co., 42 F.3d 1388, 1994 WL 677676 (6th Cir. 1994) (unpublished table decision). However, Tennessee has a long history of upholding contractual limitations periods that reduce the statutory period for filing suits. Id.; Gutherie v. Conn. Indemnity Ass'n, 49 S.W. 829, 830 (Tenn. 1899); Hill v. Home Ins. Co., 125 S.W.2d 189, 192 (Tenn. Ct. App. 1938); Das v. State Farm Fire & Cas. Co., 713 S.W.2d 318, 324 (Tenn. Ct. App. 1986).

Plaintiff has not disputed that the Property was insured through the Policy presented by Allstate, [see Doc. 72 at ¶ 2; Doc. 78 at ¶ 2], and the Court finds that there is no evidence to the contrary before the Court. Further, Plaintiff has not disputed that the Policy contains a contractual limitations period of one year, [see id.], and the Court finds that there is no evidence to the contrary before the Court. The limitations period is/was applicable to any suit or legal action "brought asserting claims relating to the existence or amount of coverage . . . .", [Doc. 72-1 at 6], and thus, the Court finds that it is applicable to the instant breach of contract claim.

The fire in this case occurred on June 2, 2010, and under the language of the policy the Plaintiff would have had one year from that date, in which to file her suit. However, under Tennessee law, the contractual limitation provision runs from the date on which the insurer actually denies the claim. See Brick Church Transmission, Inc. v. S. Pilot Ins. Co., 140 S.W.3d

6

324, 329 (Tenn. Ct. App. 2003). In this case, the undisputed date of denial is September 22, 2010. Thus, the Plaintiff had up to and including September 21, 2011, in which to file her suit.

The Plaintiff does not dispute the above dates, law, or analysis. Instead, she moves the Court to find that the equities compel the Court to disregard the Policy's limitation. Plaintiff argues that the Policy's limitations period should be disregarded, because Allstate breached its implied duty of good faith and fair dealing by: (a) conspiring with state officials against the Plaintiff's interests and (b) failing to provide the Plaintiff with a copy of the Policy. The Court finds that the Plaintiff's reliance on the implied duty of good faith and fair dealing does not support disregarding the contractual limitations provision, nor does the alleged failure to provide a copy of the Policy to Plaintiff.

First, the cases cited by Plaintiff with regard to the implied covenant of good faith and fair dealing do not support circumventing or eliminating contract provision. See Dick Broad. Co. of Tenn. v. Oak Ridge FM, Inc., 395 S.W.3d 653, 666 (Tenn. 2013) (quoting Lamar Advertising Co. v. By-Pass Partners, 313 S.W.3d 779 (Tenn. Ct. App. 2009)) ("The implied obligation of good faith and fair dealing does not . . . create new contractual rights or obligations, nor can it be used to circumvent or alter the specific terms of the parties' agreement."). The implied covenant of good faith and fair dealing protects the parties' reasonable expectations, id., and the evidence in the record, even when viewed in the light most favorable to the Plaintiff, could not support a jury finding that the Plaintiff's reasonable expectations regarding the Policy were violated.

Second, the Plaintiff's accusations of conspiracy between Allstate and state officials are founded upon the speculation of counsel. The evidence in the record, even when viewed in the light most favorable to the Plaintiff, does not constitute a basis upon which a reasonable finder of

7

fact could find in that Allstate and state officials participated in a conspiracy meant to deny Plaintiff funds owed to her under the policy. At the hearing on this matter, Plaintiff's counsel theorized about how Allstate might have been conspiring, but the only evidence in the record to which Plaintiff's counsel cited the Court was a statement in the claim log regarding the fact that Allstate would not have a subrogation claim unless Plaintiff was arrested. This statement alone does not support a finding of conspiracy or bad faith. Additionally, counsel for the Plaintiff presented her own theory that because hay, which she presumed would have all burnt in a fire, was found in the bathroom, Allstate and state officials had fabricated significant portions of their investigation. Plaintiff did not present any expert testimony, or any other testimony, to support this theory, which appears to be wholly based upon counsel's theory of fire behavior. Again, this assertion, even viewed in the light most favorable to the Plaintiff, cannot support a finding of conspiracy, fabrication, or other maleficence.

Finally, the Court finds that Plaintiff's position that the alleged failure to provide Plaintiff with a copy of the policy should vacate the statutory limitations period is not consistent with applicable case law. In Jones v. Allstate Insurance Co., 42 F.3d 1388 (Table) (6th Cir. Dec. 2, 1994), the plaintiffs argued that the one-year limitations period contained in their insurance policy should have been tolled because they did not receive a copy of the policy, id. at *2. The Court of Appeals rejected this position, explaining, "We believe that the Tennessee Supreme Court would hold that the instant suit is absolutely barred by the one-year limitation in the insurance policy." Id. at *3. The court in Jones found that upholding the limitations period was consistent with case law from other jurisdictions. Id. (citing Schoonover v. Amer. Family Ins. Co., 572 N.E.2d 1258, 1264 (Ill. Ct. App. 1991) (holding that although claimant had not received a copy of insurance policy, one-year limitation of policy applied because where insured had

notice that policy existed, it was his responsibility, and not insurance company's, to insure his knowledge of contents of policy); Young v. Seven Bar Flying Service, Inc., 685 P.2d 953, 956 (N.M. 1984) (holding that where insured was on notice that insurance coverage had been obtained, insurance company's failure to provide insured with a copy of the insurance policy did not preclude application of policy's one-year time period for bringing suit to bar insured's belated claim); Alfieri v. Monoghan Real Estate, Inc., 283 A.2d 685, 686 (Del. Sup. Ct. 1971) (holding that where insureds procured copies of their policies before contractual time limitation was to expire, but then failed to file suit until almost one year later and after contractual deadline for filing suit had passed, in the absence of showing of misconduct by insurance company, contractual time limit applied, and suit was barred). The Plaintiff cites the Court to Jackson v. Potomac Ins. Co., 7 TAM 41-21 (Tenn. Ct. App. Sept. 8, 1982), an unreported decision from the Tennessee Court of Appeals, but the court in Jones squarely rejected Jackson, 42 F.3d 1388, at *2. The Court finds Jones to be persuasive and binding authority, and thus, the Court finds that, even treating Plaintiff's allegation that she did not receive a copy of her insurance policy as true, the contractual limitation period still applies. See also Fortune v. Unum Life Ins. Co. of Amer., 360 S.W.3d 390 (Tenn. Ct. App. 2010) (finding the reasoning of Jones to be more persuasive than the reasoning found in Jackson and awarding summary judgment in favor of the insurer).

As an alternative argument, Plaintiff posits that "[an] insurance company unquestionably has . . . a duty to refrain from conduct that would obstruct the insured from learning of her rights under the policy." [Doc. 77 at 18]. The Plaintiff has not presented any evidence that Allstate prevented Plaintiff from obtaining a copy of the Policy. Plaintiff testified in her deposition that she twice asked her agent for the Policy and was given the declarations page. The Court finds that Plaintiff's testimony demonstrates a miscommunication between the Plaintiff and Allstate,

9

Case 3:13-cv-00397-CCS   Document 90   Filed 12/10/15   Page 9 of 16   PageID #: 1424

as represented by their agent Ms. Sill. Plaintiff did not testify that Ms. Sill refused to provide a copy of the Policy. Instead, she testified that Ms. Sill said that she only had the declarations page, and rather than persisting in her attempts to obtain a copy of the Policy, Plaintiff concedes that she simply left Ms. Sill's office. Plaintiff conceded that she never contacted Allstate directly – via phone, mail, or email – during the two years that the policy was in place to inform them she did not have the Policy, [see Doc. 77-1 at 13], nor did she testify or present testimony from any other witness demonstrating that Allstate had attempted to thwart her efforts, [see id. at 10-13]. Moreover, the Plaintiff has done little to respond to the sworn testimony supporting Allstate's assertion that it mailed a copy to Plaintiff and would have been notified if the mail had been returned. The Court finds the evidence in the record could not support a jury finding that Allstate interfered with or obstructed Plaintiff's attempts to obtain a copy of her policy so that the one-year contractual limitations period would be tolled or potentially inapplicable.

Based upon the foregoing, the Court finds that the Plaintiff was required to file her suit on or before September 22, 2011. She filed suit almost two years too late, on May 30, 2013. Therefore, the Court finds that Plaintiff's breach of contract claim is barred by the one-year limitations period contained in the Policy. Accordingly, the Court finds there is no genuine dispute as to any material fact and Allstate is entitled to judgment as a matter of law on the breach of contract claim. Fed. R. Civ. P. 56(a).

B.  *"Bad Faith" under Tennessee Code Annotated § 56-7-105*

An insured may recover for bad faith pursuant to Tennessee Code Annotated § 56-7-105, where: a policy has become due and payable; the insured made a formal demand for payment; sixty days passed from the date of demand; and the refusal to pay was in bad faith. It is well-established that a formal demand for payment by the insured is a prerequisite to recovery under

the statute.  See PacTech, Inc. v. Auto-Owners Ins. Co., 292 S.W.3d 1, 9 (Tenn. Ct. App. 2008). Tennessee Code Annotated §56-8-113 provides that § 56-7-105, and other similar provisions within Title 56, "provide the sole and exclusive statutory remedies and sanctions applicable to an insurer, person, or entity licensed, permitted, or authorized to do business under this time for alleged breach of, or for alleged unfair or deceptive acts or practices in connection with, a contract of insurance . . . ."

Plaintiff concedes that she did not make a formal demand in this case, [Doc. 72-6], and therefore, she cannot recover for bad faith, as a matter of law.  The Court finds that the plain language of § 56-8-113 demonstrates that § 56-7-105 provides Plaintiff's sole remedy, and she has not complied with the requirements of § 56-7-105.  Accordingly, the Court finds there is no genuine dispute as to any material fact and Allstate is entitled to judgment as a matter of law on the claim for bad faith under Tennessee Code Annotated § 56-7-105.

Alternatively, the Court finds that this claim is governed by the one-year limitations period contained in the Policy, and it is, therefore, barred because it was not filed on or before September 22, 2011.

Accordingly, the Court finds there is no genuine dispute as to any material fact and Allstate is entitled to judgment as a matter of law on the bad faith claim.  Fed. R. Civ. P. 56(a).

C.     *Fraudulent Concealment*

Plaintiff has not demonstrated that fraudulent concealment constitutes a cause of action under Tennessee statute or case law.  Instead, fraudulent concealment is generally a defense to a limitations period that may support tolling the limitations period.  See Pero's Steak & Spaghetti House v. Lee, 90 S.W.3d 614, 622 (Tenn. 2002); see also Shadrick v. Coker, 963 S.W.2d 726, 735 (Tenn. 1998).  Therefore, the Court finds that, to the extent the Plaintiff claims to have

presented a claim for fraudulent concealment, no such claim exists, and Allstate is entitled to judgment as a matter of law on that alleged claim. Fed. R. Civ. P. 56(a). Moreover, the Plaintiff has not demonstrated that this defense supports tolling in this case, see *supra* B.

Accordingly, the Court finds there is no genuine dispute as to any material fact, and Allstate is entitled to judgment as a matter of law on the alleged claim because no such claim exists. Fed. R. Civ. P. 56(a).

D.   *Constructive Fraud and/or Fraud*

Pursuant to Tennessee law, actions for fraud contain four primary elements: (1) intentional misrepresentation of a material fact; (2) knowledge that the representation was false—that the misrepresentation was made knowingly or recklessly or without belief or regard for its truth; (3) reasonable reliance on the misrepresentation by the plaintiff and resulting damages; (4) "that the misrepresentation relates to an existing or past fact[.]" Dog House Investments, LLC v. Teal Properties, Inc., 448 S.W.3d 905 (W.D. Tenn. 2014) (citing Stacks v. Saunders, 812 S.W.2d 587, 592 (Tenn. Ct. App. 1990). Constructive fraud is essentially fraud without the element of intent. Kincaid v. SouthTrust Bank, 221 S.W.3d 32, 39 (Tenn. Ct. App. 2006).

Even viewing the evidence in the record in the light most favorable to the Plaintiff, the Court cannot find that the Plaintiff has brought forth any evidence that Allstate made a misrepresentation as to a material fact, either intentionally or unintentionally. The Plaintiff has not attempted to identify any such misrepresentation. [See Doc. 77]. To the extent the Plaintiff contends that the failure to provide a copy of the Policy was a misrepresentation, the Court finds that the evidence before the Court could not support a finding that Allstate either intentionally or even negligently withheld the Policy, because as discussed above, the Plaintiff apparently

acquiesced to accepting the declarations page from Ms. Sills without following-up with Allstate. Therefore, an essential element of either a claim for fraud or a claim for constructive fraud is absent, and the Court finds that Allstate is entitled to judgment in its favor as a matter of law on this claim.

Alternatively, the Court finds that this claim is governed by the one-year limitations period contained in the Policy, and it is, therefore, barred because it was not filed on or before September 22, 2011.

Accordingly, the Court finds there is no genuine dispute as to any material fact and Allstate is entitled to judgment as a matter of law on the constructive fraud claim and any fraud claim. Fed. R. Civ. P. 56(a).

E.  *Negligent Misrepresentation*

As stated above, even viewing the evidence in the light most favorable to the Plaintiff, the Court cannot find that the Plaintiff has brought forth any evidence that Allstate made a misrepresentation as to a material fact, and thus, an essential element of Plaintiff's claim is absent, see Hodge v. Craig, 382 S.W.3d 325, 344 (Tenn. 2012) (discussing Tennessee's adoption of Restatement (Second) of Torts § 552 (1977)).  Therefore, the Court finds that Allstate is entitled to judgment in its favor as a matter of law.

Alternatively, the Court finds that this claim is governed by the one-year limitations period contained in the Policy, and it is, therefore, barred because it was not filed on or before September 22, 2011.

Accordingly, the Court finds there is no genuine dispute as to any material fact and Allstate is entitled to judgment as a matter of law on any claim for negligent misrepresentation. Fed. R. Civ. P. 56(a).

*F.     Negligence and Negligence Per Se and Breach of Fiduciary Duty*

Plaintiff's brief convolutes the basis of her negligence or negligence per se claim by discussing whether a claim under the Tennessee Consumer Protection Act is precluded by Tennessee Code Annotated § 56-8-113 and § 56-7-105. To the extent the Plaintiff intended to present an independent claim under § 56-7-105, the Court has addressed the application of that section above, *supra* at B.

The structure of Plaintiff's complaint indicates that she intends her negligence and negligence per se claims to be separate claims from her claim of bad faith. The Court has reviewed Plaintiff's claim for negligence and negligence per se and breach of fiduciary duty, and the Court finds that, even considering the evidence in the light most favorable to Plaintiff, no trier of fact could find in Plaintiff's favor on these claims.

The five elements of negligence include: (1) a duty of care owed by the plaintiff to the defendant, (2) conduct by the defendant that breaches this duty, (3) an injury or loss, (4) a cause-in-fact connection between the plaintiff's injury or loss and the defendant's conduct, and (5) the existence of proximate or legal cause. Draper v. Westerfield, 181 S.W.3d 283, 290 (Tenn. 2005).

The Tennessee Court of Appeals has explained the doctrine of negligence per se well:

> The negligence per se doctrine does not create a new cause of action. Talley v. Danek Med., Inc., 179 F.3d 154, 158 (4th Cir. 1999); Cabiroy v. Scipione, 767 A.2d 1078, 1079 (Pa. Super. Ct. 2001); Zavala v. Trujillo, 883 S.W.2d 242, 246 (Tex. App. 1994). Rather, it is a form of ordinary negligence, Lowdermilk v. Vescovo Bldg. & Realty Co., 91 S.W.3d 617, 628 (Mo. Ct. App. 2002), that enables the courts to use a penal statute to define a reasonably prudent person's standard of care. Scott v. Matlack, Inc., 39 P.3d 1160, 1166 (Colo. 2002); Gradjelick v. Hance, 646 N.W.2d 225, 231 n. 3 (Minn. 2002); Sikora v. Wenzel, 88 Ohio St.3d 493, 727 N.E.2d 1277, 1280 (2000); Reeder v. Daniel, 61 S.W.3d 359, 361-62 (Tex. 2001). Negligence per se arises when a

> legislative body pronounces in a penal statute what the conduct of a reasonable person must be, whether or not the common law would require similar conduct. Lowdermilk v. Vescovo Bldg. & Realty Co., 91 S.W.3d at 628.
>
> The negligence per se doctrine is not a magic transformational formula that automatically creates a private negligence cause of action for the violation of every statute. Talley v. Danek Med., Inc., 179 F.3d at 158. Not every statutory violation amounts to negligence per se. Snider v. Snider, 855 S.W.2d at 590. To trigger the doctrine, the statute must establish a specific standard of conduct. Thomas & Assocs. v. Metropolitan Gov't, No. M2001–00757–COA–R3–CV, 2003 WL 21302974, at *7 (Tenn. Ct. App. June 6, 2003); King v. Danek Med., Inc., 37 S.W.3d 429, 460 (Tenn. Ct. App. 2000); Restatement (Second) of Torts § 286 cmt. d; Restatement (Second) of Torts § 874A cmt. e ("The common law tort of negligence is not changed, but the expression of the standard of care in certain fact situations is modified; it is changed from a general standard to a specific rule of conduct.").

Rains v. Bend of the River, 124 S.W.3d 580, 589-90 (Tenn. Ct. App. 2003).

The Court finds that the Plaintiff has wholly failed to identify any standard of care or fiduciary duty that Allstate violated. Further, she has failed to present any allegations that would support her claim of negligence per se under the statutes she cites: Tenn. Code Ann. § 56-7-105, as stated above, *supra* B, the Plaintiff has not demonstrated that she complied with the statute so as to invoke any duty; Tenn. Code Ann. § 56-8-101, the Plaintiff has not directed the Court to any particular portion of the Tennessee Unfair Trade Practices Act that imposes a duty on Allstate and the Court will not guess as to the provision under which she proceeds, see Docs. 1-1, 77; and Tenn. Code Ann. § 47-18-104, again, the Plaintiff has not directed the Court to any particular portion of the Consumer Protection Act that imposes a duty on Allstate and the Court will not guess as to the provision under which she proceeds, see Docs. 1-1, 77.

While the Court recognizes that Allstate bears the initial burden under the instant Rule 56 motion, the Court would note that the Plaintiff's failure is such that it likely falls below even the

standard for dismissal set forth in Rule 8 of the Federal Rules of Civil Procedure. [See Doc. 1-1]. Even under the more lenient standard of Rule 56, the record demonstrates that Allstate is entitled to judgment in its favor on these claims, because Plaintiff "is not entitled to a trial merely on the basis of allegations," especially where the allegations are as generic and anemic as those presented by Plaintiff. See Curtis v. Universal Match Corp., 778 F. Supp. 1421, 1423 (E.D. Tenn. 1991).

Alternatively, the Court finds that these claims are governed by the one-year limitations period contained in the Policy, and they are, therefore, barred because it was not filed on or before September 22, 2011.

Accordingly, the Court finds there is no genuine dispute as to any material fact and Allstate is entitled to judgment as a matter of law on any negligence, negligence per se, or breach of fiduciary duty claim. Fed. R. Civ. P. 56(a).

## V. CONCLUSION

Based upon the foregoing, Defendant Allstate Insurance Company and Allstate Property and Casualty Insurance Company's Second Motion for Summary Judgment **[Doc. 70]** is **GRANTED**, and judgment will be entered in favor of Allstate Insurance Company and Allstate Property and Casualty Insurance Company.

ORDER ACCORDINGLY,

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge